


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLIVER STEVENSON, JR. | : | CIVIL ACTION NO. |
| Plaintiff | : | 1:CV-00-274 |
| v. | : | (KANE, J.) |
| WILLIAM J. HENDERSON, Postmaster General United States Postal Service, | : | |

FILED
SCRANTON
AUG 1 6 2002
PER
DEPUTY CLERK

## STATEMENT OF MATERIAL FACTS

1. Oliver Stevenson, Jr. is an adult male who is presently 59 years old. (Plaintiff's Deposition Pg. 5).

2. Plaintiff was born on September 12, 1942. (Plaintiff's Deposition Pg. 5).

3. At the time of the Reduction in Force, Plaintiff was 54 years old. (Plaintiff's Deposition Pg. 5).

4. Plaintiff's current address is 17 Ash Street, Mount Alto, Pennsylvania. (Plaintiff's Deposition Pg. 5).

5. Plaintiff began working for the United States Postal Service in February, 1966. (Plaintiff's Deposition Pg. 8).

6. Plaintiff arrived in the Boston main postal facility in 1985 where he was a Tour III Superintendent. (Plaintiff's Deposition Pg. 10).

1

7. At the time of the Reduction in Force (RIF) within the Postal Service in 1997, Plaintiff was a Post Office Activation Coordinator. (Plaintiff's Deposition Pg. 12).

8. On March 14, 1997, Plaintiff received a Specific Notice of Reduction-in-Force, notifying him, among other things, that he would be released from his position of Senior Manager, Distribution Operations, EAS-25 at the Boston P&DC, and would be separated from the U.S. Postal Service effective May 24, 1997. No placement offer could be made at that time because all positions in his competitive level would be abolished. (Exhibit 2).

9. At the time of the Reduction-in-Force (RIF) within the Postal Service in 1997, Plaintiff was acting as a Post Office Activation Coordinator, (Plaintiff's Deposition Pg. 12).

10. Plaintiff generally became aware of the RIF in 1995 at which time he was an EAS-25 within the United States Postal Service. (Plaintiff's Deposition Pg. 14).

11. On March 20, 1997, Kenneth F. Winters, (Age 48, DOB: 8/24/49), Plant Manager, Boston P&DC, offered Mr. Stevenson the position of Operations Support Specialist, EAS-18. He declined the position.

12. On April 18, 1997, Mr. Winters offered Mr. Stevenson the position of

2

Manager, Distribution Operations, EAS-20 at the Priority Mail Facility. He indicated he would not accept that position. He was told he would be assigned that position in the RIF action. (Exhibit 11).

13. After the RIF took effect, the Plaintiff accepted a position as Postmaster of the Fayetteville, Pennsylvania Post Office. (Plaintiff's Deposition Pg. 18).

14. Plaintiff was assisted in addressing his placement opportunities in May of 1997, by Mary E. Burell, Manager, Human Resources, Dallas Holt, Kenneth Winters, and Lou Pento. (Exhibit 4).

15. At some point in April 1997, Plaintiff was notified that a decision was made to fill the Lead Plant Manager position in Manchester, New Hampshire as PACES via the current PACES selection procedures.

16. Plaintiff was not eligible for this position because he was not a potential successor through the Corporate Succession Planning process. (Exhibits 9 and 14).

17. As a result of this move to Fayetteville, Plaintiff's EAS level became 18 with a save grade salary for two years. (Plaintiff's Deposition Pg. 19).

18. As a result of the save grade salary for two years, Plaintiff's salary never decreased when he moved to the Fayetteville, Pennsylvania Post Office. (Plaintiff's Deposition Pg. 20).

19. Plaintiff's salary never decreased and shortly after he arrived in

3

Fayetteville he retained a temporary position in Harrisburg that was an EAS-24. (Plaintiff's Deposition Pg. 20).

20. Plaintiff retired on December 31, 1999. (Plaintiff's Deposition Pgs. 23 and 24).

21. Plaintiff admits that his salary never changed from the time he worked in the Boston Post Office until the time that he retired in December, 1999. (Plaintiff's Deposition Pg. 24).

22. After the RIF the Plaintiff was offered two positions within the United States Postal Service. One at EAS-18 and a second at an EAS-20, both of which were declined by the Plaintiff. (Plaintiff's deposition Pgs. 31 and 32).

23. Plaintiff admits that he would have lost his job as a result of the RIF that took place in Boston in 1997. (Plaintiff's Deposition Pg. 32).

243. Plaintiff admits that he never lost his job within the Postal Service. (Plaintiff's Deposition Pg. 39).

25. Plaintiff's change in his employment was the result of a RIF. (Plaintiff's Deposition Pg. 39).

26. Plaintiff's salary was never affected as a result of this RIF because of a two year save salary provision. (Plaintiff's Deposition Pg. 40).

27. Plaintiff retired 18 months after the RIF. (Plaintiff's Deposition Pgs. 44

and 45).

28. Plaintiff admits that the RIF itself had nothing to do with his age. (Plaintiff's Deposition Pg. 49).

29. Plaintiff admits that the other two Post Office employees who were not veterans also accepted jobs at a lower EAS level from what they were before the RIF took effect. (Plaintiff's Deposition Pg. 57).

30. Plaintiff is not a veteran. (Plaintiff's Deposition Pg. 27).

                Respectfully submitted,

                THOMAS A. MARINO
                United States Attorney

                MATTHEW E. HAGGERTY
                Assistant U.S. Attorney
                Ste. 311, P.O. Box 309
                Wm. J. Nealon Federal Building
                235 N. Washington Avenue
                Scranton, PA 18501
                Telephone: (570) 348-2800