IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLIVER STEVENSON, JR.,** : | CIVIL NO. 1:CV-00-0274 |
| Plaintiff : | |
| v. : | |
| **WILLIAM J. HENDERSON,** : | FILED |
| **POSTMASTER GENERAL, UNITED** : | HARRISBURG, PA |
| **STATES POSTAL SERVICE,** : | OCT 29 2002 |
| Defendant : | MARY E. D'ANDREA, CLERK |
| | Per _____ Deputy Clerk |

### ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before the court is the motion for summary judgment of Defendant William J. Henderson, Postmaster General of the United States Post Office.

On August 16, 2002, defendant filed his motion for summary judgment, brief in support, statement of material facts, and exhibits. (Docs. 18-21). On September 27, 2002, defendant filed a Notice to the court indicating that plaintiff had missed the deadline for filing a brief in opposition to defendant's motion for summary judgment by approximately one month. (Doc. 23). In his Notice to the court, defendant argued that, due to plaintiff's failure to file a brief in opposition, the court should deem plaintiff not to oppose the motion under Local Rule 7.6.

On October 8, 2002, plaintiff filed a one page letter brief in opposition to defendant's motion for summary judgment. (Doc. 24). In this brief, plaintiff stated:

> Plaintiff opposes this motion for the following reasons:
>
> (1) Defendant has not presented any new facts in this case; rather he simply changes the facts to suit his needs.
>
> (2) Plaintiff requests that this case proceed as per scheduled.
>
> (3) Plaintiff feels that only through a hearing of all of the facts in this case can a judgment be issued.

(Doc. 24). In acknowledging that he had missed the deadline to file his brief in opposition, plaintiff stated he "simply felt that the motion . . . was so riddled with half-truths and bias towards the Defendant [sic] that he didn't need to respond." (Doc. 24).

Under the Local Rules, a party opposing a pre-trial motion (such as a motion of summary judgment) must file a brief in opposition within fifteen (15) days after service of the movant's brief. LR 7.6. When a party fails to file a brief in opposition timely, the court shall deem the party not to oppose the motion. Id. Plaintiff's brief in opposition to the instant motion was due in early September, 2002. Because plaintiff failed to file his brief until October 8, 2002, the court deems him to not oppose the motion.

Furthermore, a motion for summary judgment is to be accompanied by "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be

2

tried." LR 56.1. With his brief in opposition, the non-moving party is to file his own statement of material facts, "responding to the numbered paragraphs" set forth in the movant's statement. Id. All facts asserted by the movant are deemed admitted, unless controverted in the non-moving party's statement of facts. Id. Plaintiff did not file a statement of facts as required by Local Rule 56.1. Therefore, the court deems plaintiff to have admitted each of the material facts asserted in defendant's statement.

In Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168, 175, 178 (3d Cir. 1990) the Third Circuit stated that violation of a rule such as Local Rule 7.6 "can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting materials accompanying it." However, prior to granting an unopposed motion for summary judgment the district court must determine that the moving party is entitled to judgment as a matter of law. Id. The court has carefully reviewed defendant's motion for summary judgment, brief in support, statement of material facts, and exhibits. Based on that review, the court concludes that defendant is entitled to judgment as a matter of law.

AND NOW, this 29th day of October, 2002, upon consideration of defendant's motion for summary judgment, filed August 16, 2002, IT IS HEREBY ORDERED that:

1. Defendant's motion is GRANTED.

2. The Clerk of Court shall enter judgment in favor of defendant and against plaintiff, and shall close this file.

CHRISTOPHER C. CONNER
United States District Judge